UNITED STATES of America, Appellee,

v.

Keith Edwin McGUIRE, Appellant.

No. 86–1634.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1986.

Decided Jan. 9, 1987.

---

Cristina C. Arguedas, Berkeley, Cal., for appellant.

Richard L. Murphy, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Keith Edwin McGuire appeals from a final judgment entered by the District Court[1] for the Northern District of Iowa on a jury verdict finding him guilty of two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; three counts of using a telephone to aid or facilitate the distribution of methamphetamine, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2; and one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. McGuire was sentenced to a term of four and one-half years imprisonment and a term of probation for these convictions. For reversal, McGuire argues that the district court erred by permitting the government to introduce in its case-in-chief testimony concerning McGuire's predisposition to commit the charged offense. For the reasons discussed below, we affirm.

McGuire's convictions were based on two sales of methamphetamine, a controlled substance, to an undercover agent of the Drug Enforcement Administration (DEA) in Sioux City, Iowa. McGuire met the undercover agent through Alan Weir, an informant. Weir initially contacted McGuire on January 23, 1985, to say that he was bringing over a "biker friend" for the purpose of purchasing methamphetamine. The friend was, in fact, DEA Special Agent Robert Lawton. Lawton accompanied Weir to McGuire's house where Lawton purchased two ounces of methamphetamine.

Lawton testified that at this meeting McGuire told him that he was moving from the Sioux City area. McGuire gave Lawton two telephone numbers where he could be reached for future drug transactions. After repeated attempts, Lawton eventually reached McGuire by telephone and, according to Lawton, McGuire agreed to come to Sioux City and to sell Lawton eight ounces of methamphetamine. The deal was arranged for March 22, 1986. On that day, McGuire did not come to Sioux City, but called Lawton to say that his friend "Roger" would come instead. Roger Van Beek later came to Lawton's room and sold Lawton a quantity of methamphetamine.

In her opening statement at trial, defense counsel indicated to the jury that McGuire would assert a defense of entrapment. The defense, however, presented no evidence of coercion or inducement to the jury either through presentation of its own

---

1. The Honorable Donald E. O'Brien, Chief Judge, United States District Court for the Northern District of Iowa.

witnesses or through cross-examination of government witnesses. In its case-in-chief, the government sought to elicit testimony from informant Weir and his wife, Mary Weir, concerning their many prior drug transactions with McGuire. Defense counsel objected that such evidence was relevant only as rebuttal to a defense of entrapment and was being presented prematurely. The district court admitted the evidence on the grounds that it was proper evidence of McGuire's predisposition to deal drugs, part of the government's rebuttal to an entrapment defense.

■ McGuire contends the district court committed reversible error in admitting the predisposition evidence because no defense of entrapment was, in fact, ever raised at trial. Entrapment, McGuire properly notes, is an affirmative defense. The defendant carries the initial burden of presenting some evidence that he or she was induced by government agents to commit the offense. *United States v. Kutrip*, 670 F.2d 870, 877 (8th Cir.1982). McGuire argues that defense counsel did not place the issue of entrapment into controversy merely by stating in opening argument that entrapment would be the defense theory. He asserts that the defense presented no evidence that government agents induced or coerced him into participating in the drug transactions with which he was charged. Because the issue of entrapment was not placed into controversy, McGuire claims it was error to permit the government in its case-in-chief to introduce evidence of predisposition, which is properly admissible only as rebuttal of the entrapment defense. *See United States v. Dion*, 762 F.2d 674, 685, 687–89 (8th Cir.1985) (setting out government's rebuttal burden of proof and types of evidence, including similar bad acts, that may be admitted for rebuttal purposes), *rev'd on other grounds*, — U.S. ——, 106 S.Ct. 2216, 90 L.Ed.2d 767 (1986).

The government responds that McGuire's "talk of entrapment" so permeated the proceedings that the issue had, in fact, been put into controversy. Brief of Appellee at

3. The government argues that the defense not only asserted during opening argument, but also during voir dire, that it would rely on entrapment. The government contends that because the issue of entrapment had been clearly raised at the trial, the district court was within its discretion in permitting the government to introduce evidence of predisposition in its case-in-chief.

■ We agree that it was error for the district court to allow the government to introduce rebuttal evidence in its case-in-chief in anticipation of an entrapment defense that was proposed, but that never actually materialized. We conclude, however, that the error was harmless. Evidence of McGuire's past sales of narcotics could properly have been admitted in this case under Fed.R.Evid. 404(b) (evidence of other crimes, wrongs or acts admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident).

■ We also note that McGuire is complaining of an error caused by confusion for which he alone is responsible. The district court during voir dire instructed the entire jury panel concerning entrapment and also gave the impanelled jury a preliminary instruction concerning entrapment, all with McGuire's approval. At the conclusion of the trial, defense counsel requested a jury instruction on entrapment, arguing to the district court that sufficient evidence had been presented to permit the issue to go to the jury. The district court included such an instruction in its jury instructions. For McGuire to now argue on appeal that it was error for the district court to recognize the defense of entrapment in making its evidentiary rulings is disingenuous and inconsistent.

For the reasons set out above, the judgment is affirmed. *See* 8th Cir.R. 14.