951 F.2d 350
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard O'BRIEN, Defendant-Appellant.
 No. 91-1181.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1991.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Bernard O'Brien, was convicted of attempted production of false identification documents (18 U.S.C. § 1028(a)(1)). Defendant appeals his conviction and sentence, alleging that the district court erroneously: (1) allowed three witnesses, not on the government's witness list, to testify regarding his predisposition to commit the charged crimes in its case-in-chief; (2) increased his base offense level from six to twelve under the United States Sentencing Guidelines ("U.S.S.G.");[1] and (3) denied his motion for a new trial. For the following reasons, we AFFIRM the district court's judgment.
 
 
 2
 * In the government's case-in-chief, three unlisted government witnesses testified that defendant told them he had served in the military and worked for the federal government. Defendant's argument that the district court erroneously allowed this testimony in the government's case-in-chief[2] is meritless for two reasons.
 
 
 3
 First, the government need not disclose its witnesses to defendant prior to trial. Weatherford v. Bursey, 429 U.S. 545, 559 (1977). "[I]n most criminal prosecutions, the Brady rule, Rule 16 and the Jencks Act, exhaust the ... discovery to which the defendant is entitled." United States v. Presser, 844 F.2d 1275, 1286 n. 12 (6th Cir.1988). Even the administrative court order, which required the government to file a witness list with the court, "but not the opposite party," supports non-disclosure.
 
 
 4
 Second, the district court has "considerable discretion" over the order of presenting evidence. United States v. Terry, 729 F.2d 1063, 1067 (6th Cir.1984) (citing Fed.R.Evid. 611(a)). "[R]eversal of a criminal conviction [is not justified] unless a defendant's substantial rights are affected." Id. Here, defendant relied on the entrapment defense, sought to establish it through his cross-examination during the government's case-in-chief, and even argued that "if the government knows what their rebuttal case is, it's their obligation to put it in their case-in-chief."
 
 
 5
 For these reasons, the district court did not err. See United States v. Maddox, 944 F.2d 1223, 1230 (6th Cir.), cert. denied, 112 S.Ct. 400 (1991). However, assuming arguendo that the district court did err, any error was harmless. United States v. McGuire, 808 F.2d 694, 695-96 (8th Cir.1987). In McGuire, defense counsel raised the entrapment defense in voir dire and her opening statement, and the government introduced predisposition evidence during its case-in-chief. Id. As the entrapment defense never materialized, the government introduced the predisposition evidence prematurely. Id. at 696. However, as the evidence was admissible under Fed.R.Evid. 404(b), any error was harmless. Id. This case is distinguishable from McGuire, as the entrapment defense did materialize. However, as the testimony was admissible evidence of defendant's motive, intent, and/or plan under Fed.R.Evid. 404(b), the error, if any, was harmless. Id.
 
 II
 
 6
 The district court increased defendant's base offense level by two for each of the following: (1) "more than minimal planning under U.S.S.G. § 2F1.1(b)(2)(A); (2) misrepresenting his status as a government agent under U.S.S.G. § 2F1.1(b)(3)(A);[3] and (3) obstruction of justice under U.S.S.G. § 3C1.1.[4] This court will not disturb the district court's factual findings, unless they are clearly erroneous. United States v. Moreno, 899 F.2d 465, 470 (6th Cir.1990).
 
 
 7
 Although defendant contends that his correct base offense level is six, he does not address the two point enhancement under U.S.S.G. § 2F1.1(b)(2)(A). Accordingly, defendant has abandoned that claim. See Brainard v. Secretary of Health and Human Serv., 889 F.2d 679, 681-82 (6th Cir.1989); McMurphey v. Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 Regarding U.S.S.G. § 2F1.1(b)(3)(A), the evidence established that defendant obtained false identification cards. Also, four government witnesses testified that he misrepresented himself as a government agent and displayed false governmental identification cards to them. Regarding U.S.S.G. § 3C1.1, the defendant's testimony and statements "should be evaluated in a light most favorable to" him. U.S.S.G. § 3C1.1 (commentary). However, the district court may increase his base offense level, if he testified falsely.[5] United States v. Acosta-Cazares, 878 F.2d 945, 953 (6th Cir.), cert. denied, 493 U.S. 899 (1989). The district court found "reliable evidence to show that the Defendant testified untruthfully concerning a material fact...." Thus, as the enhancements under both U.S.S.G. §§ 2F1.1(b)(3)(A) and § 3C1.1 are supported by the evidence, they will not be set aside.
 
 III
 
 9
 New trial motions based on newly discovered evidence are "disfavored," and a district court's denial of such a motion "will not be reversed absent 'clear abuse of discretion.' " United States v. O'Dell, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 484 U.S. 859 (1987). A successful new trial motion requires evidence that: "(1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal, if the case were retried." United States v. Barlow, 693 F.2d 954, 966 (6th Cir.1982), cert. denied, 461 U.S. 945 (1983).
 
 
 10
 As a basis for the motion, defendant alleged a newly discovered conspiracy by government witnesses Joseph Fecko and John Diegel to initiate a criminal investigation of defendant so that Diegel could gain control of U.S. Alfalfa, Inc. ("Alfalfa").[6] This evidence was not newly discovered. Rather, Diegel was cross-examined regarding his participation with defendant in and attempt to take control of Alfalfa. Moreover, during the trial, defendant told defense counsel that he introduced Diegel to Fecko. So, defendant knew about the relationship before trial. Thus, the district court found "no basis to show that the information that the Defendant purports to rely on wasn't available to him prior to trial" and properly denied the motion for a new trial.
 
 
 11
 For these reasons, we AFFIRM the district court's judgment.
 
 
 
 [1]
 As "[t]he version of the guidelines in effect at the time of sentencing is ordinarily" applicable and defendant was sentenced on January 24, 1991, all U.S.S.G. references are to the version of the U.S.S.G. incorporating amendments through November 1, 1990. See United States v. Jennings, 945 F.2d 129, 135 n. 1 (6th Cir.1991) (citing 18 U.S.C. § 3553(a)(4), (5))
 
 
 [2]
 In the alternative, defendant argues that the district court should have granted him a sua sponte trial continuance. As he did not move the district court for a trial continuance, this court will not address this issue on appeal. White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990)
 
 
 [3]
 "If the offense involved a misrepresentation that defendant was acting on behalf of ... a government agency, ... increase by 2 levels. If the resulting offense level is less than level 10, increase to level 10." U.S.S.G. § 2F1.1(b)(3)(A)
 
 
 [4]
 "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1
 
 
 [5]
 Defendant relies on a distinguishable decision. United States v. Emanuele, 1989 WL 107234, 107234 (S.D.N.Y.1989), aff'd. 907 F.2d 145 (2d Cir.1990). In Emanuele, the judge who conducted the jury trial died before sentencing defendant. Id. "[N]ot having observed the defendant's demeanor and lacking a trial judge's comprehensive understanding of the proof," the sentencing judge "declined to make an upward adjustment for obstruction of justice...." Id
 
 
 [6]
 Alfalfa, a fledgling corporation which neither transacted any business nor made any profit, was owned by majority stockholder defendant and minority stockholder Diegel