UNITED STATES of America, Appellee,

v.

William SHERRILL, Appellant.

No. 93–3164.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1994.

Decided June 22, 1994.

Richard A. Fredman, St. Louis, MO, argued, for appellant.

Howard J. Marcus, St. Louis, MO, argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

FAGG, Circuit Judge.

A jury convicted William Sherrill of possessing cocaine base with intent to distribute. *See* 21 U.S.C. § 841(a)(1) (1988). Sherrill appeals and we affirm.

A confidential informant told St. Louis police officers that Sherrill possessed, processed, and dealt crack in Sherrill's residence and in a separate dwelling. Acting on the tip, the police conducted surveillance of the two premises and observed an unusual amount of pedestrian traffic at the two locations. At Sherrill's residence, numerous small groups of visitors regularly approached the house, spoke with Sherrill at the back door, entered, and then left three to four minutes later. The police noted that after Sherrill visited the other dwelling, similar pedestrian activity increased there. After the informant told the police that the informant witnessed Sherrill dealing crack within the past twelve hours, the police applied for a search warrant for Sherrill's residence. In an affidavit, an officer informed a state trial judge that the informant had earlier provided reliable information that led to seventeen arrests and four convictions. The judge issued the search warrant.

Just before the police executed the search warrant, the police saw Sherrill leave his residence, get in his car, and drive off the premises. Several officers in police cars stopped Sherrill one block away from his home. The officers informed Sherrill that they had a search warrant for his residence and that they would detain him until they completed the search. After the officers asked Sherrill if he would help them execute the search warrant and Sherrill agreed, the officers put handcuffs on his wrists, and read him his rights. The police brought Sherrill

back to his residence where he helped the police enter and conduct the search. During the search, the police discovered and seized 4.8 grams of crack, seven firearms, and two photos of Sherrill that showed him with pagers, currency, handguns, and a known drug offender. The police then formally arrested Sherrill, patted him down, and took him to the police station. When the police conducted a search of Sherrill at the station, they discovered 92.71 grams of crack in his underwear and $740 on his person.

After the Government brought federal charges against Sherrill, he filed a motion to suppress the crack and cash found on his person and several statements he made in the officer's presence. Sherrill argued that the police unlawfully detained him when they stopped him in his car, and thus, the evidence found later on his person is tainted fruit of the illegal detention. The district court denied Sherrill's motion, concluding the police did not violate the Fourth Amendment because Sherrill voluntarily agreed to help the police conduct the search and willingly accompanied the police back to his residence. Following Sherrill's conviction, the district court sentenced Sherrill under 21 U.S.C. § 841(b)(1)(A)(iii), which provides a mandatory minimum sentence for offenses involving more than fifty grams of crack.

■ Sherrill contends the district court committed error in denying his suppression motion. According to Sherrill, when the officers used squad cars to stop his car, placed him in handcuffs, and told him they had a search warrant for his home, the officers' actions amounted to an arrest. Sherrill argues that because the police had not yet conducted the search, the police had no probable cause to arrest him. Thus, Sherrill contends he was illegally arrested in violation of the Fourth Amendment and the evidence later found when he was searched incident to arrest should have been suppressed. We disagree. Although Sherrill correctly points out that, contrary to the district court's conclusion, his consent to help the police execute the warrant cannot justify the officers' initial stop and detention, we believe the police had probable cause to arrest Sherrill when they stopped him in his car. Thus, we conclude

the district court nevertheless properly denied Sherrill's suppression motion. *See United States v. Abadia*, 949 F.2d 956, 958 & n. 12 (8th Cir.1991) (appellate court may affirm on any ground the record supports), *cert. denied*, —— U.S. ——, 112 S.Ct. 1510, 117 L.Ed.2d 648 (1992).

■ Rather than contending that the police officers had probable cause to arrest Sherrill, the Government seeks to justify Sherrill's seizure and detention under *Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). In our view, however, *Summers* does not apply. In *Summers*, the Supreme Court held that police officers, armed with a valid warrant to search a house, properly detained a resident of the house that the officers encountered walking down the front steps. The minor intrusiveness of detaining a resident in his home is outweighed by the law enforcement interests in: (1) preventing flight if incriminating evidence is found; (2) minimizing the risk of harm to the officers from violent residents; and (3) conducting an orderly search with the resident's help in unlocking doors and containers. *See id.* at 701–03, 101 S.Ct. at 2593–95; *United States v. Hogan*, 25 F.3d 690, 693 (8th Cir.1994). Here, because Sherrill had already exited the premises, the intrusiveness of the officers' stop and detention on the street was much greater. *See Hogan*, 25 F.3d at 693. In addition, although Sherrill did help the officers conduct the search, when the officers stopped Sherrill, the officers had no interest in preventing flight or minimizing the search's risk because Sherrill had left the area of the search and was unaware of the warrant. *See id.* Thus, we decline the Government's invitation to extend *Summers* to the circumstances of this case. *See United States v. Boyd*, 696 F.2d 63, 65 & n. 2 (8th Cir.1982) (refusing to extend *Summers* to stop of defendant's car several blocks from home), *cert. denied*, 460 U.S. 1093, 103 S.Ct. 1794, 76 L.Ed.2d 360 (1983).

■ Although the police officers may not have believed that they had probable cause to arrest Sherrill, and indeed, did not apply for an arrest warrant when they ap-

plied for the search warrant, we believe the objective facts of the case reveal that probable cause existed. *See Abadia,* 949 F.2d at 959 n. 14 (because whether probable cause existed is objective question, officer's subjective beliefs are not controlling); *United States v. Jones,* 990 F.2d 405, 408 (8th Cir.) (reviewing court is not limited by detaining officer's subjective opinion in deciding whether reasonable suspicion to detain luggage existed), *cert. denied,* —— U.S. ——, 114 S.Ct. 350, 126 L.Ed.2d 314 (1993). Probable cause to make a warrantless arrest exists when police officers have trustworthy information that would lead a prudent person to believe that the suspect has committed a crime. *United States v. Horne,* 4 F.3d 579, 589 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1121, 127 L.Ed.2d 430 (1994). In reviewing whether probable cause existed, we base our decision on the totality of the circumstances, giving due weight to the inferences police officers could draw from their general experience. *United States v. Wilson,* 964 F.2d 807, 809 (8th Cir.1992).

 In this case, when the officers stopped Sherrill, the police knew from a confidential informant that Sherrill had been dealing crack from his home and had sold crack within the past twelve hours. The informant was a reliable source, having earlier provided accurate information that resulted in several other arrests and convictions. *See Abadia,* 949 F.2d at 959–60. The police also substantially corroborated the informant's tip by independent investigation. *See Horne,* 4 F.3d at 589; *Wilson,* 964 F.2d at 809–10. The police observed unusual pedestrian traffic consistent with drug sales both at Sherrill's residence and a dwelling that Sherrill often visited. Based on the totality of the circumstances, we conclude probable cause existed to arrest Sherrill at the time the officers stopped him in his car. Because Sherrill was legally arrested, the crack and cash discovered in a later search of his person was legally seized as a search incident to arrest. Thus, the district court properly denied Sherrill's motion to suppress the evidence.

We reject Sherrill's contention that the police officers conducted their warrant search at night in violation of Federal Rule of Criminal Procedure 41(c)(1). Because the search was conducted entirely by state police officers, this federal rule does not apply to Sherrill's case. *United States v. Maholy,* 1 F.3d 718, 721 n. 4 (8th Cir.1993). We also conclude the district court did not abuse its discretion in admitting the photos that depicted Sherrill with tools of the drug trade. *See United States v. Helmel,* 769 F.2d 1306, 1318 (8th Cir.1985).

Accordingly, we affirm.