UNITED STATES of America, Appellee,

v.

Claybran POWELL, Jr., Appellant.

No. 94–1050.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Nov. 8, 1994.

---

James R. Wyrsch, Kansas City, MO, argued (James R. Wyrsch and Jacqueline A. Cook, Kansas City, MO, on brief), for appellant.

Sam C. Bertolet, St. Louis, MO, argued (Edward L. Dowd, Jr., Kenneth R. Tihen and Joseph L. Hendrickson, on brief), for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FAGG, Circuit Judge.

Claybran Powell, Jr. appeals his jury convictions for possession of cocaine with intent to distribute and use of a firearm during a drug trafficking crime. We affirm.

The facts are not complicated. Powell was selling cocaine out of his apartment. After a reliable confidential informant saw Powell weigh, package, and sell cocaine at the apartment, police officers conducted surveillance of the apartment building for about a week. During the surveillance, the officers observed pedestrian traffic and interaction between these pedestrians and Powell consistent with drug dealing. Based on the informant's tip and the officers' corroborating observations, the police obtained a search warrant for Powell's apartment. Powell does not challenge the warrant's validity.

While preparing to execute the search warrant, police officers saw Powell park his car across the street from the apartment building. After the officers blocked Powell's car with theirs, one of the officers approached Powell with his gun drawn, notified Powell the officers had a warrant to search his apartment, and ordered Powell to get out of his car. When Powell complied, the officer saw a handgun on the driver's seat. The officers then handcuffed Powell and took him with them when they searched the apartment. The officers found cocaine, weapons, and drug paraphernalia. Powell also made incriminating statements about his drug operation.

Powell contends the district court erroneously denied his motion to suppress the handgun and his incriminating statements because the police officers did not have probable cause to arrest him at the time of their

initial encounter. We disagree. We can dispose of Powell's argument by repeating what we said in *United States v. Sherrill,* 27 F.3d 344 (8th Cir.1994):

> [W]hen the officers stopped [Powell], the police knew from a confidential informant that [Powell] had been dealing [cocaine] from his [apartment]. . . . The informant was a reliable source. . . . The police also substantially corroborated the informant's tip by independent investigation. . . . Based on the totality of the circumstances, we conclude probable cause existed to arrest [Powell] at the time the officers [approached] him in his car.

*Id.* at 347 (citations omitted). Because Powell's arrest was lawful, the district court correctly denied Powell's motion to suppress the evidence.

 Powell also contends the district court erroneously admitted evidence that Powell had been convicted for possessing a weapon and a small amount of cocaine on an earlier occasion. Federal Rule of Evidence 404(b) allows the use of evidence about Powell's earlier unlawful conduct if it has a bearing on any relevant issue other than Powell's propensity toward criminal activity. *United States v. Wint,* 974 F.2d 961, 967 (8th Cir. 1992), *cert. denied,* — U.S. —, 113 S.Ct. 1001, 122 L.Ed.2d 151 (1993). Powell argues his earlier misconduct is not relevant to the charged offenses because the small amount of cocaine he possessed was consistent with personal drug use rather than distribution. Powell's argument, however, is foreclosed by this court's contrary holdings. *See United States v. Templeman,* 965 F.2d 617, 619 (8th Cir.) (defendant's earlier cocaine use relevant to show potential motives for later cocaine distribution), *cert. denied,* — U.S. —, 113 S.Ct. 482, 121 L.Ed.2d 387 (1992); *see also United States v. Wesley,* 990 F.2d 360, 366 (8th Cir.1993) (defendant's earlier convictions for possession of drugs and gun relevant to show defendant used firearm during drug trafficking crime). The district court properly admitted this evidence.

Finally, Powell contends the Government's evidence is insufficient to support the jury verdict. On review, we must construe the evidence in the light most favorable to the Government and affirm if there is substantial evidence to support the verdict. *United States v. Mejia,* 8 F.3d 3, 5 (8th Cir.1993) (per curiam). Having considered the record, we conclude there is sufficient evidence from which a reasonable jury could find Powell guilty of both charged crimes beyond a reasonable doubt.

We thus affirm Powell's convictions.