**STATE of Iowa, Appellant,**

v.

**Miles Wade PHIPPS, Appellee.**

No. 94–604.

Court of Appeals of Iowa.

Jan. 23, 1995.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., Michael W. Mahaffey, County Atty., and John C. Heinicke, Asst. County Atty., for appellant.

Nancy L. Burk, Toledo, for appellee.

Heard by DONIELSON, C.J., and SACKETT and CADY, JJ.

DONIELSON, Chief Judge.

At issue in this appeal is whether police officers have the right to detain individuals who pose a risk to the successful execution of a search warrant. When constitutional rights are at issue we conduct a de novo review of the evidence. *State v. Bumpus*, 459 N.W.2d 619, 622 (Iowa 1990), *cert. denied*, 498 U.S. 1001, 111 S.Ct. 563, 112 L.Ed.2d 570 (1990). Based upon our review of the record and the applicable law, we conclude the police had the authority to detain the defendant, and we reverse the trial court's order suppressing the admission of evidence obtained in conjunction with the detention of the defendant.

**FACTUAL BACKGROUND**

An apartment in Grinnell, Iowa, had been under investigation and surveillance by law enforcement authorities who suspected it was being used for the distribution of controlled substances. On August 18, 1993, a warrant was obtained for a search of the apartment, and the warrant was executed on August 19.

The apartment was located in the basement of a house and had only one entrance. As police officers were approaching the apartment two people were seen exiting it. Officer Oster immediately recognized the two people as the defendant and James Atkinson, individuals whom he had seen enter and exit the apartment several times during the investigation. The defendant and Atkinson stood between the officers and the entrance to the apartment, and were described as being "fairly near the basement door."

The officers executing the warrant had badges and jackets which indicated they were police officers, and Officer Oster identified himself as a police officer to the defendant and Atkinson. At that time, Atkinson became very loud and verbal. He was loudly saying "police" and "cops" in an attempt to alert the occupants of the basement apartment to the presence of the officers outside. Officer Oster ordered Atkinson and the defendant to lie down on the ground. The defendant willingly complied but he discarded a cigarette pack and cellophane wrapper located in his shirt pocket. Investigator Van Haaften subsequently handcuffed the defendant and lifted him up off the ground. As he did so he noticed the cigarette package and cellophane wrapper which appeared to contain marijuana.

The State charged the defendant with possession of marijuana. The defendant filed a motion to suppress. At the suppression hearing officer Oster testified one of the reasons he ordered the defendant to the ground was because he and Atkinson were between the officers and the apartment door.

The district court concluded Iowa Code section 808.7 [1] did not justify detention of the defendant as he had not been "in the place" where the warrant was executed. The district court further concluded the marijuana was not admissible pursuant to the plain view, exigent circumstances or *Terry* investigatory stop exceptions to the warrant requirement of the Fourth Amendment. The court granted the defendant's motion to suppress. The supreme court granted the State's application for discretionary review, and this case was transferred to the court of appeals.

## DETENTION OF DEFENDANT

■ It has long been understood the Fourth Amendment's protection against "unreasonable ... seizures" includes seizure of the person. *California v. Hodari D.*, 499 U.S. 621, 624, 111 S.Ct. 1547, 1549, 113 L.Ed.2d 690, 696 (1991). The defendant's detention was unquestionably a "seizure" within the meaning of the Fourth Amendment. The sole issue on appeal is whether the seizure of the defendant was constitutionally permissible. If it was, the marijuana which he discarded was properly admissible as evidence.

■ It is not disputed the warrant in this case did not authorize the search and/or seizure of the defendant. However, the United States Supreme Court has previously held "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." *Michigan v. Summers*, 452 U.S. 692, 705, 101 S.Ct. 2587, 2595, 69 L.Ed.2d 340, 351 (1981). In the context of executing a search warrant, the Supreme Court noted "[t]he risk of harm to both the police and the occupants is minimized if the officers routinely exercise unquestioned command of the situation." Id. at 702–703, 101 S.Ct. at 2594, 69 L.Ed.2d at 350.

■ The defendant and Atkinson were leaving the apartment as officers arrived to execute the search warrant. Atkinson attempted to alert the occupants of the residence to the presence of the police. His conduct was presumably intended to thwart the successful execution of the warrant.

---

1. **Detention and search of persons on premises.**

   In the execution of a search warrant the person executing the same may reasonably detain and search any person or thing in the place at the time for any of the following reasons:
   1. To protect the searcher from attack.

2. To prevent the disposal or concealment of any property subject to seizure described in the warrant.
3. To remove any item which is capable of causing bodily harm that the person may use to resist arrest or effect an escape.

Iowa Code § 808.7 (1993).

This is not a case in which the defendant had left the premises and was far enough away he posed no threat to either officer safety or a successful execution of the warrant. *See e.g., United States v. Sherrill*, 27 F.3d 344, 346 (8th Cir.1994) (court declined to extend *Summers* to encompass seizure of person who had driven a block away from home which was about to be searched); *United States v. Hogan*, 25 F.3d 690, 693 (8th Cir. 1994) (*Summers* did not extend to person who was stopped three to five miles away from home which was to be searched). The officers were entitled to secure the scene and detain the defendant due to his proximity to the location to be searched and his companion's attempts to obstruct the execution of the warrant.

■ The defendant attempts to distinguish *Summers* by arguing he was neither an occupant or resident of the apartment to be searched. Other courts have concluded the concerns which warranted the detention of the owner of the premises in *Summers* apply equally to nonresident visitors. *See United States v. Fountain*, 2 F.3d 656, 663 (6th Cir.1993), *cert. denied, McEaddy v. U.S.,* — U.S. ——, 114 S.Ct. 608, 126 L.Ed.2d 573 (1993); *United States v. Pace*, 898 F.2d 1218, 1239 (7th Cir.1990), *cert. denied, Cialoni v. U.S.,* 497 U.S. 1030, 110 S.Ct. 3286, 111 L.Ed.2d 795 (1990). We are persuaded these cases are correct. That defendant was a visitor detained outside the apartment is not controlling. In fact, the *Summers* court found no constitutional significance in the fact the defendant in that case was exiting the home immediately prior to execution of the warrant and was seized on the sidewalk outside of the house. *Summers*, 452 U.S. at 702 n. 16, 101 S.Ct. at 2594 n. 16, 69 L.Ed.2d at 349 n. 16. The seizure of the defendant was proper under *Summers*, and, for all intents and purposes, he was "in the place" to be searched and was properly subject to the detention provisions of section 808.7.

## ADMISSIBILITY OF MARIJUANA

■ As a direct result of being detained by the police, the defendant removed marijuana from his pocket and threw it on the ground. We have determined the seizure of

the defendant was constitutionally permissible and further find the defendant lost any reasonable expectation of privacy he had in the marijuana when he discarded it. *See State v. Bumpus*, 459 N.W.2d at 625 (defendant lacked standing to challenge search of property where he had voluntarily abandoned it). The defendant had thrown the contents of his shirt pocket to the ground when detained by authorities. He voluntarily abandoned any reasonable expectation of privacy he had in the items, and their subsequent seizure was constitutionally permissible.

**REVERSED.**

CADY, J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I dissent.

The trial court found:

> In the present case the place to be searched was the basement apartment. The defendant was clearly not in the place to be searched at the time of the execution of the search warrant as required by Section 808.7. *The issue raised by the facts of this case is the scope of the statutory requirement of "in the place."* Section 808.7. The purposes of the statute are clearly set out in the "reasons" listed in the statute. In view of the purposes of the statute, the "place" could extend beyond the immediate confines of the apartment to persons remaining on a porch, in a hallway, or in an adjoining room. In the present case the place could arguably be extended to Mr. Atkinson based upon his proximity to the place to be searched and his apparent efforts to alert any occupants of the apartment to the approach of the police officers. However, it is clear that the defendant was not in the place to be searched. *The defendant had left the basement apartment before the arrival of the police officers and made no effort to interfere in any manner with the actions of the police officers in executing the search warrant.* The initial act of ordering the defendant to the ground in the driveway behind the house

cannot be sustained under section 808.7 of the Code. (Emphasis added).

The majority has made findings that defendant was leaving when the officer arrived and attempted to thwart the execution.

I give consideration to the trial court's findings, particularly as to the credibility of witnesses. I would affirm based on the trial court's findings.