# IN THE COURT OF APPEALS OF IOWA

No. 14-0667
Filed September 23, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICHARD LEE DAVID BROWN,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom (motion to suppress) and Richard G. Blane II (trial), Judges.

        The defendant appeals his conviction of possession of a controlled substance with intent to deliver.  **AFFIRMED.**

        Tabitha L. Turner of Turner Law Firm, P.L.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Mary A. Triick, Assistant Attorneys General, John P. Sarcone, County Attorney, and Stephan Bayens and Joseph Crisp, Assistant County Attorneys, for appellee.

        Considered by Tabor, P.J., McDonald, J., and Sackett, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SACKETT, Senior Judge.**

Richard Brown appeals his conviction for possession of a controlled substance with intent to deliver. He contends the district court erred in denying his motion to suppress and his motion for a mistrial. He also contends the evidence is insufficient to support his conviction.

## I.   BACKGROUND FACTS AND PROCEEDINGS.

On the night of June 29, 2013, Des Moines Police Officers Peter Wilson, Todd Wilshusen, and Jared Underwood were patrolling University Avenue in a marked police vehicle when they observed Brown and a companion. When the officers stopped to talk to Brown's companion, Brown changed course and hurried across the street, narrowly avoiding being struck by a car. Believing Brown was attempting to avoid them, the officers turned to follow Brown. When Brown saw the officers were following him, he ran up to a tree approximately fifteen feet from the sidewalk and appeared to toss something on the ground before darting back to the sidewalk and continuing to walk in the direction he had been headed.

Officer Wilson pulled the police vehicle up to Brown and began questioning him. Brown stated he was in a hurry, not running from the officers. At the same time, Officer Wilshusen searched the area Brown appeared to throw something and located a plastic baggie containing five individually-wrapped "rocks," which were later identified as crack cocaine. The bag was clean and dry, and the crack cocaine—each rock worth approximately $100 each on the street—was packaged consistent with how crack cocaine is distributed. Brown

denied he had dropped anything by the tree or that the crack cocaine belonged to him.

The State charged Brown with possession of a controlled substance with intent to deliver. The State further alleged Brown was a second or habitual offender, and therefore, the sentencing provisions of Iowa Code sections 124.411 and 902.8 (2013) applied.

Brown moved to suppress the evidence, which the district court denied. Brown was convicted as charged at the close of a jury trial and was sentenced to a term of imprisonment not to exceed thirty years.

## II.    MOTION TO SUPPRESS.

Brown contends the district court erred in denying his motion to suppress, alleging he was unconstitutionally seized. We review constitutional questions de novo. *State v. Lowe*, 812 N.W.2d 554, 566 (Iowa 2012). This requires us to make an independent evaluation of the totality of circumstances as shown by the entire record, including the evidence presented at the suppression hearing. *Id.* We give deference to the district court's fact findings, especially those concerning witness credibility, though we are not bound by them. *Id.*

Whether a person has been seized is determined by the totality of the circumstances. *Id.* at 570. Generally, police questioning does not constitute seizure. *Id.*

> Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen. Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification, and

request consent to search luggage—provided they do not induce cooperation by coercive means.

*United States v. Drayton*, 536 U.S. 194, 200-01 (2002). "Unless the circumstances of the encounter are so intimidating as to demonstrate that a reasonable person would have believed he was not free to leave if he had not responded, one cannot say that the questioning resulted in a detention under the Fourth Amendment." *INS v. Delgado*, 466 U.S. 210, 216 (1984).

To be considered a seizure, there must be "objective indices of police coercion." *Lowe*, 812 N.W.2d at 570. The display of a badge, being in uniform, or being visibly armed has been given little weight in the analysis. *Id.* However, using a commanding or threatening tone, displaying a weapon, or touching a suspect would be a sign of a seizure. *Id.* The question we must ask is whether the officers impaired the defendant's free will or whether the officers simply engaged the defendant in conversation. *See id.*

Brown argues he was detained without probable cause when Officer Wilson called his name "in such a manner that made Brown feel as though he was not free to leave." This is insufficient to qualify as a seizure. *See State v. Reinders*, 690 N.W.2d 78, 82-83 (Iowa 2004) (rejecting the defendant's claim he was seized because "no reasonable individual would have felt free to simply walk away and refuse to answer the officer's questions"). Although the officers were in uniform and a marked police vehicle, Officer Wilson simply called to Brown by name and asked him questions. There was no show of authority, no intimidation,

and no use of physical force by the officers during the encounter. Accordingly, the district court properly denied Brown's motion to suppress.[1]

## III.    SUFFICIENCY OF THE EVIDENCE.

Brown next contends the evidence is insufficient to support his conviction. We review this claim for correction of errors at law. *See State v. Edouardo*, 854 N.W.2d 421, 431 (Iowa 2014). In reviewing challenges to the sufficiency of the evidence, we consider the evidence and all reasonable inferences that may be fairly drawn from it in the light most favorable to the State. *Id.* at 437. We consider all the record evidence and will uphold the verdict if substantial evidence supports it. *Id.* Evidence is substantial if it can convince a rational factfinder the defendant is guilty beyond a reasonable doubt. *Id.* The factfinder is free to accept or reject the evidence as it sees fit. *Id.*

To be guilty of possession with intent to deliver, the State was required to prove Brown was knowingly in possession of crack cocaine, he knew the substance he possessed was crack cocaine, and he had the intent to deliver the crack cocaine. *See State v. Scalise*, 660 N.W.2d 58, 64 (Iowa 2003). He challenges the evidence regarding each of these elements.

---

[1] Brown does not state which evidence he seeks to have suppressed. His motion only states he seeks to suppress "all evidence through the illegal search and seizure." For the purposes of this appeal, we presume he seeks to have the crack cocaine found near the tree suppressed. However, even if Brown had been illegally seized, it would not be a basis to suppress the crack cocaine because that evidence is "not fruit of any seizure" but rather abandoned property. *See California v. Hodari D.*, 499 U.S. 621, 629 (1991) (holding cocaine the defendant threw while fleeing from police was "not the fruit of a seizure" but was abandoned by the defendant); *State v. Bumpus*, 459 N.W.2d 619, 625 (Iowa 1990) (holding the defendant lacked standing to challenge a search of property because he had voluntarily abandoned it and no longer has a reasonable expectation of privacy with regard to that property); *State v. Phipps*, 528 N.W.2d 665, 668 (Iowa Ct. App. 1995) (holding the defendant lost any reasonable expectation of privacy he had in marijuana when he removed it from his pocket and threw it on the ground).

**A. Possession.**

In order to prove the element of possession, the State was required to show Brown "exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic." *State v. Kern*, 831 N.W.2d 149, 160 (Iowa 2013) (internal quotation marks omitted). Possession may be actual or constructive. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). Actual possession occurs when the contraband is found on the defendant's person or "when substantial evidence supports a finding *it was on [the defendant's] person at one time. Id.* (emphasis added) (internal quotation marks omitted). In other words, actual possession can be proved by direct or circumstantial evidence. *Id.*

Substantial evidence supports the finding that Brown was in actual possession of crack cocaine. When police officers approached Brown's companion, Brown immediately changed directions and crossed the street in such a hurry that he was almost hit by a vehicle. The officers redirected their attention to Brown, who they observed leaving the sidewalk, walking approximately fifteen feet into the yard of a residence, and tossing something on the ground near a tree before returning to the sidewalk. When the area Brown was seen was searched moments later, the officers found a plastic bag containing crack cocaine. The bag was sitting on the grass and was clean. Viewed in the light most favorable to the State, the circumstantial evidence is sufficient to support a finding Brown was in possession of the crack cocaine.

**B. Knowledge.**

Brown's argument that he did not have knowledge of the narcotic nature of the crack cocaine is the same as his argument he did not possess the crack cocaine. He notes that he denied knowledge of the crack cocaine to the officers after it was discovered.

Substantial evidence supports a finding he knew the narcotic nature of the crack cocaine. Knowledge of the narcotic nature of a drug may be shown by conduct, behavior, and declarations of the accused. *State v. Reeves*, 209 N.W.2d 18, 22 (Iowa 1973). Here, Brown's evasive behavior in avoiding the officers and disposing of the crack cocaine leads to the reasonable inference he knew it was a narcotic.

**C. Intent.**

Finally, Brown argues there is insufficient evidence to support a finding he had intent to deliver the crack cocaine. He notes one of the officers testified it was "possible" that the amount of crack cocaine found at the scene had been purchased for individual use.

Because intent is difficult to prove by direct evidence, circumstantial evidence and the inferences drawn from it are usually used to prove intent. *State v. Grant*, 722 N.W.2d 645, 647-48 (Iowa 2006). Law enforcement personnel experienced in the area of buying and selling drugs may provide evidence to aid the trier of fact in determining intent. *Id.* at 648. Additionally, intent to deliver may be inferred from the manner in which the drugs are packed, large amounts of unexplained cash, and the quantity of drugs possessed. *Id.*

There is sufficient evidence upon which the factfinder could infer Brown's intent to deliver the crack cocaine. There were five rocks of crack cocaine inside the bag the officers found. Each rock of crack cocaine was packaged for individual sale in a manner typically used by drug dealers. Officer Underwood testified that because crack cocaine is "very addictive" and most users smoke it at the time of purchase rather than keeping a quantity with them, users are typically found with "possibly one crack rock" on them. He further testified that for this reason, most users are also found with "a pipe for smoking the narcotic, which is generally a glass pipe and a lighter." Brown was not in possession of any of the paraphernalia used to smoke crack cocaine at the time of his arrest. Additionally, Brown was in an area known to be popular for dealing drugs. Given the quantity of the drug found, the way it was packaged, and the lack of paraphernalia found with Brown, there is sufficient evidence for a reasonable factfinder to infer Brown intended to sell the drug rather than use it himself.

## IV. MOTION FOR MISTRIAL.

Finally, Brown contends the district court erred in denying his motion for mistrial. He asserts a mistrial was warranted because one of the witnesses referred to "all felony distributing cases," indicating Brown's case was also a felony matter.

To preserve error, a motion for mistrial must be made when the grounds first become apparent. *State v. Jirak*, 491 N.W.2d 794, 796 (Iowa Ct. App. 1992). Brown's trial counsel did not object to the testimony in question. Instead, an off-the-record discussion was had at the end of the State's direct examination.

No motion for mistrial was made until the witness's testimony had concluded entirely.  Accordingly, error was not preserved.

Brown makes a general claim of ineffective assistance of counsel, alleging the record is insufficient to address any issues of ineffective assistance and they should be preserved for a postconviction-relief proceeding.  It is no longer necessary to preserve a claim of ineffective assistance of counsel by raising the claim on direct appeal.  Iowa Code § 814.7.  To the extent that he may seek to raise a claim of ineffective assistance of counsel related to his trial counsel's failure to preserve error on this claim, this issue may be raised in a timely postconviction-relief proceeding.  *See id.* § 822.7 ("All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued.").

**AFFIRMED.**